LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

CYNTHIA YEE-WALLACE, ISB #6793          TRUDY HANSON FOUSER, ISB #2794
MEGAN A. LARRONDO, ISB #10597          EMMA C. NOWACKI, ISB #10742
Deputy Attorneys General                          GJORDING FOUSER, PLLC
954 W. Jefferson Street, 2nd Floor                Plaza One Twenty One
P.O. Box 83720                                          121 N. 9th Street, Suite 600
Boise, ID  83720-0010                              Boise, ID  83702
Telephone:    (208) 334-2400                     Telephone:    (208) 336-9777
Facsimile:    (208) 854-8073                      Facsimile:    (208) 336-9177
cynthia.wallace@ag.idaho.gov                    tfouser@gfidaholaw.com
megan.larrondo@ag.idaho.gov                  enowacki@gfidaholaw.com

Attorneys for Defendants State of Idaho; Idaho Department of
Health and Welfare, including the Southwest Idaho Treatment Center;
Jamie Newton; Billy King; Deborah Luper; and Deborah Combs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ERIKA DREYER, as parent and natural guardian of B.B., et al., | ) ) ) | Case No. 1:19-cv-00211-REB |
| Plaintiffs, | ) ) ) | **DEFENDANTS' REPLY TO DKT. 41** |
| v. | ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, an agency of the State of Idaho, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

Defendants State of Idaho; the Idaho Department of Health and Welfare ("DHW"),

including the Southwest Idaho Treatment Center ("SWITC"); Jamie Newton; Billy King; Debra

Luper; and Deborah Combs ("Defendants") submit this reply to Plaintiffs' Memorandum of Law

in Opposition to Defendants and Joining Defendants' Motions to Dismiss (Dkt. 41).

## REPLY

### A.  The cases cited by Plaintiffs are not "compelling"; Count II should be dismissed.

In response to Defendants' motion to dismiss, Plaintiffs argue there are "compelling" court decisions Defendants failed to cite and that allow their claim under the Idaho Constitution to proceed.  (Dkt. 41 at 4-6.)  But the cases they cite do not support their proposition.

In *Hancock v. Idaho Falls School District No. 91*, No. CV-04-537-E-BLW, 2006 WL 2095264 (D. Idaho Jul. 27, 2006), the court reversed its previous grant of summary judgment in favor of defendants on plaintiff's free speech claim under the Idaho Constitution with respect to equitable and/or declaratory relief under the limited circumstances of that case.  *Id.* at *2.  The court's specific use of the phrase, "under these circumstances" and discussion of the particular posture of the case limited this finding to that case.  The court in *Hancock* did not overrule years of Idaho district court decisions.

The court in *Bear Crest Limited LLC v. Idaho*, No. 4:18-cv-00469-CWD, 2019 WL 3220575 (D. Idaho Jul. 17, 2019), also did not overrule prior decisions of the federal district court.  There, the court declined to dismiss a claim brought under the Idaho Constitution in response to an argument that the court did not have supplemental jurisdiction over a viable federal claim.  *Id.* at *5.  The federal claim was found to be viable, and thus, there was "no basis to dismiss" the state constitutional claim.  *Id*.  The court was not responding to an argument that prior decisions from this Court have *stare decisis* effect and should be applied.

Similarly, the Idaho state cases cited by Plaintiffs do not specifically address or hold that litigants can maintain a private cause of action directly under the Idaho Constitution.  In *Berry v. Summers*, 283 P.2d 1093, 1096 (Idaho 1955), the court addressed whether a particular regulation was unconstitutional because it conflicted with the Idaho Constitution.  None of the Idaho cases

cited by Plaintiffs specifically address whether litigants can vindicate their civil rights through a direct cause of action under the Idaho Constitution.  *See Chambers v. McCollum*, 272 P. 707, 708 (Idaho 1928) (determining whether a session law violates a provision of the State constitution); *Rowe v. City of Pocatello*, 218 P.2d 695, 701 (Idaho 1950) (addressing whether the ordinance at issue was discriminatory); *Nelson v. Boundary County*, 706 P.2d 94, 100 (Idaho Ct. App. 1985) (finding the allegation that the county commissioners refused to hold a public hearing and to release their findings of fact to the public violated plaintiff's freedom of speech and assembly protected by article I, sections 9 and 10 of the Idaho Constitution was without merit).

In contrast, several U.S. District Courts in Idaho have directly held that the Idaho Constitution does not provide litigants with a private right of action.[1]  And, these courts have specifically concluded that there is no private cause of action for monetary damages based on an alleged violation of a person's civil liberties under the Idaho Constitution.  *Sommer v. Elmore County*, 903 F. Supp. 2d 1067, 1074 (D. Idaho 2012) (citations omitted); *see Spurrell v. Bloch*, 701 P. 2d 529, 536 (Wash. Ct. App. 1985).  These cases have *stare decisis* effect and should be followed.  Plaintiffs cite no cases, let alone any Idaho Supreme Court cases, specifically addressing this issue or that upend the federal court's holdings.  Count II should be dismissed.

### B.  Plaintiffs have not shown why their Complaint allows Counts III and IV to proceed.

Counts III and IV of Plaintiffs' Amended Class Action Complaint and Request for Injunctive Relief (Dkt. 7) ("Complaint") allege claims under Title II of the Americans with

---

[1] *Hamell v. Idaho County*, No. 3:16-CV-00469-EJL, 2017 WL 2870080, at *5 (D. Idaho Jul. 5, 2017) (citations omitted); *Kangas v. Wright*, No. 1:15-cv-00577-CWD, 2016 WL 6573943, at *6 (D. Idaho Nov. 4, 2016) (citations omitted); *Johnson v. City of Caldwell*, No. 1:13-CV-00492 EJL-CWD, 2015 WL 5319012, at *17 (D. Idaho Sept. 11, 2015) (citations omitted); *Campbell v. City of Boise City*, No. CV-07-532-S-BLW, 2008 WL 2745121, at *1 (D. Idaho Jul. 11, 2008), aff'd sub nom. *Campbell v. City of Boise*, 345 F. App'x 299 (9th Cir. 2009); *Mott v. City of McCall, Idaho*, No. CV-06-0963-S-RHW, 2007 WL 1430764, at *6 (D. Idaho May 14, 2007).

Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA") against all

Defendants.  (*See* Dkt. 41 at 36-38.)  Defendants moved to dismiss these claims against the

Individual Capacity Defendants because *individuals* do not qualify as "department, agency…or

other instrumentality of a State" under the RA.  (Dkt. 37-1 at 10 (citing 29 U.S.C. §

794(b)(1)(A)).)  And individuals are not a "public entity," a "department," or an "agency" of the

State under the ADA.  (*Id.* (citing 42 U.S.C. § 12131(1)(A), (B)).)  Thus, individual capacity

suits are not recognized under either the RA or the ADA.  Plaintiffs do not dispute Defendants'

reading of these laws.  (*See* Dkt. 41 at 9.)  They simply argue "such claims are treated as official

capacity claims."  (*Id.*)  But the Court should not, and cannot, treat Counts III and IV as having

been asserted against the individual Defendants in their official capacities, because they have not

been sued in their official capacities.  (*See* Compl. at 2, 8 ¶¶ 30-36; *and see id.* at 35-53.)

Plaintiffs cite two cases that *support* Defendants' motion to dismiss.  (*See* Dkt. 41 at 9.)

In *Byerly v. Doe*, No. 1:19-cv-00230-BLW, 2019 WL 4667670, at *8 (D. Idaho Sept. 24, 2019),

the court noted that, "unlike § 1983 claims, a Title II ADA claim *must—by statutory definition—*

*be brought against the state or the state entity*." (Emphasis added; citations omitted.)  And in

*Abbott v. Rosenthal*, 2 F. Supp. 3d 1139, 1144 (D. Idaho 2014), the court dismissed all claims

asserted against Defendants under the ADA and RA in their individual capacities with prejudice.

Plaintiffs essentially concede the same result here.  The ADA and RA do not permit claims

against Defendants in their individual capacities and Counts III and IV should thus be dismissed

against them, with prejudice.

Next, Defendants moved to dismiss Counts III and IV against the State, DHW, including

SWITC, and Jamie Newton in her official capacity, because Plaintiffs failed to sufficiently plead

facts to place Defendants on notice of their claims.  (*See* Dkt. 37-1 at 11-13.)  Plaintiffs fail to

identify how their Complaint saves these claims.  Instead, they merely restate the deficient allegations in the Complaint.  (*See* Dkt. 41 at 7-9.)  Plaintiffs point to the DisAbility Rights Idaho ("DRI") report, which cites to seven specific inspections by the Bureau of Facility Standards, but they fail to identify what "assessments," "treatments," "supports" or "services" they are attacking in this lawsuit.  (*See id.* at 8-9.)  Plaintiffs must do more than point to a report written by an advocacy group to support their claims.  They must plead sufficient facts to put Defendants on notice.  They have not done this.

Second, even if the Court finds that Plaintiffs have pled sufficient facts about the "assessments," "treatments," "supports," and "services" at issue in this case, the ADA and RA claims must still be dismissed.  This is true because Plaintiffs have failed to identify (1) any allegation in the Complaint that such alleged "assessments," "treatments," "supports," and "services" were denied *solely by reason of any Plaintiff's disability* or (2) any facts that support a claim for damages based upon deliberate indifference.  The Court should dismiss these claims.

**C. Plaintiffs fail to address how their Idaho Human Rights Act claim (Count V) is properly pled.**

Count V alleges a violation of the Idaho Human Rights Act ("IHRA") against the Individual Capacity Defendants.  (Dkt. 7 at 38-39.)  Defendants moved to dismiss this claim because the Individual Capacity Defendants do not fall within the type of entity or persons against whom such claims can be brought.  (*See* Dkt. 37-1 at 13-14.)   In response, Plaintiffs appear to claim that because the definition of "person" under the IHRA includes an "individual," the claim is properly pled.  (*See* Dkt. 41 at 10.)

Their argument is non-responsive.  To the extent that Plaintiffs assert that the Individual Capacity Defendants are individuals who own, lease, or operate SWITC, Count V must be dismissed because there are no factual allegations in the Complaint that support such a claim.

DEFENDANTS' REPLY TO DKT. 41 - 5

Rather, the Complaint states that "SWITC is owned, operated and licensed by [DHW]."  (Dkt. 7 ¶ 41.)  Plaintiffs fail to cite any legal support for bringing a claim against individual employees at SWITC for having "participated in the operation of SWITC."  (*See* Dkt. 41 at 10.)  Count V should be dismissed.

In any case, there is no relevant legal support for Plaintiffs' argument that they are exempt from the exhaustion requirement[2] under the IHRA because it would be futile or that the Idaho Human Rights Commission is a biased governmental entity that is barred from investigating claims by another State agency.  "'Absent evidence to the contrary,' public officers 'are presumed to have properly carried out the duties of their office.'"  *State v. Abdullah*, 348 P.3d 1, 62 (Idaho 2015) (quoting *Farm Bureau Fin. Co. v. Carney*, 605 P.2d 509, 514 (Idaho 1980)).  Plaintiffs' generalized assumption that the Idaho Human Rights Commission would treat them unfairly simply because it is also housed with the executive branch is far too speculative to rebut this presumption.  *See Irwin v. Hawk*, 40 F.3d 347, 349 (11th Cir. 1994).

Moreover, if Plaintiffs claim they are exempt from exhaustion because "justice so requires" (Dkt. 41 at 11), they should have said so in their Complaint with sufficient facts so that Defendants could prepare to meet such allegations.[3]  Their ad hoc justification is not supported by any facts pled in their Complaint.  Count V should be dismissed.

---

[2] The cases cited by Plaintiff, *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043-44 (9th Cir. 2016), and *Jones v. Bock*, 549 U.S. 199, 211-12 (2007), specifically address exhaustion under the Prison Litigation Reform Act; and the case of *Andrus v. U.S. Department of Energy*, 200 F. Supp. 3d 1093, 1100-01 (D. Idaho 2016), addresses exhaustion under the Freedom of Information Act. (*See* Dkt. 41 at 10-11.)  These cases do not apply here.  Plaintiffs point to no court decision that has extended these cases to the IHRA.

[3] The fact that guardians and representatives of Plaintiffs have filed this lawsuit on behalf of individuals with diminished capacities, despite the "complexities of statutory construction" (Dkt. 41 at 12), strongly suggests that they could have equally exhausted Plaintiffs' administrative remedies on their behalf.

DEFENDANTS' REPLY TO DKT. 41 - 6

**D. Plaintiffs are bound by their pleadings, the Court is bound by Ninth Circuit precedent, and dismissal of Counts VI, VII, VIII, and IX, as pled is warranted.**

Defendants moved to dismiss Counts VI, VII, VIII, and IX because Plaintiffs asserted claims under 42 U.S.C. § 1983 for alleged negligence using only federal and state regulations as the source of the duty.  (Dkt. 37-1 at 14-15.)  In response to this argument, Plaintiffs confusingly attempt to re-write these claims as violations of a *statute*, the Medicaid Act, effectively conceding that Defendants were correct that regulations cannot support claims under 42 U.S.C. § 1983 in the Ninth Circuit. (*See* Dkt. 41 at 24-26.) Plaintiffs' effort should be rejected out of hand.

Counts VI, VII, VIII, and IX do not mention or allege violations of the Medicaid Act— they mention negligence per se using the Medicaid Act's implementing regulations and corresponding state regulations as the source of the duty.  (*See* Dkt. 7 at 39-43.)  Plaintiffs are bound by their pleadings.  If they had intended to assert a violation of the Medicaid Act, they should have pled such violations so that Defendants could respond accordingly.  They did not. These claims should be dismissed.

**E. Plaintiffs have failed to plead with particularity any facts giving rise to potential liability against the Individual Capacity Defendants in Counts X, XI, XII, XIII, XV, XVI, XVII, and XVIII.**

Plaintiffs failed to identify where in their Complaint they have pled the elements of a cause of action for negligence per se, assault, battery, intentional infliction of emotional distress, misrepresentation, negligent misrepresentation, and consumer fraud and deceptive trade practices.  "It is not the job of district courts to stitch together cognizable claims from a wholly deficient pleading."  *Zazzali v. Ellison*, 973 F. Supp. 2d 1187, 1198 (D. Idaho 2013) (citation omitted).  Moreover,

> [w]hen attorneys admitted to practice in federal courts prepare complaints, neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a melange.

*Id*. (citation omitted).

### 1. <u>Plaintiffs have not pled a cognizable claim for negligence per se (Counts X and XI) as against any Defendant.</u>

Counts X and XI are claims for negligence per se and are premised on alleged violations of Idaho Code §§ 16-1605 and 39-5303.  (Dkt. 7 at 43-44.)  To support these Counts, Plaintiffs point to two factual allegations in their Complaint: (1) that Defendant King witnessed Jason Miller abuse Nathan Benjamin and failed to report the abuse; and (2) that Defendant Newton did not report the failure of staff to check on residents every 30 minutes as abuse or neglect.  (Dkt. 41 at 13-14.)

Though Plaintiffs argue that Defendant King failed to report the alleged abuse of Nathan Benjamin and that Defendant Newton failed to report the missing bed checks, those allegations are nowhere to be found in their Complaint and those alleged facts cannot, therefore, be considered (much less assumed to be truthful).  *See Yellowstone Poky, LLC v. First Pocatello Assocs., L.P.*, No. 4:16-cv-00316, 2018 WL 2077725, at *6 (D. Idaho Feb. 27, 2018) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)).

Plaintiffs further argue that Defendant Newton "should have known, and had reason to know, of the rampant abuse and neglect at SWITC" and should have reported it.  (Dkt. 41 at 13.)  But even assuming these facts were pled, Plaintiffs do not identify how the failure to conduct a bed check every 30 minutes constitutes reportable neglect.  Nor do they identify in the Complaint when Ms. Newton learned that bed checks of a particular Plaintiff were not being conducted, when she failed to make such a report, and how that Plaintiff suffered an injury as a result of Ms.

Newton's failure to report the inadequate bed checks.[4]  Plaintiffs also do not identify how Mr.

King's alleged failure to report was the proximate cause of any particular injury to any particular

Plaintiff.  Because Plaintiffs have not adequately pled negligence per se, they have failed to state

a plausible claim for relief.  Counts X and XI should be dismissed.

2.  **Plaintiffs have not pled a cognizable claim for assault (Count XII) against any Defendant.**

Implausibly, Plaintiffs argue that a failure to maintain adequate log sheets and a failure to

intervene in abuse constitute assault.  (*See* Dkt. 41 at 15.)  Plaintiffs state that "Plaintiffs'

Complaint articulates instances showing Defendants' intent to cause Plaintiffs to believe

something bad was about to or would happen to them – the very definition of assault."[5] (*Id*. at

16.)  Charitably, this is, at best, incomplete.

The requirements of a prima facie case of assault are laid out in Defendants' Motion to

Dismiss and they require far more than Plaintiffs' definition.  Plaintiffs fail to plead a prima facie

case of assault because they do not attempt to argue that any specific Defendant acted "intending

to cause harmful or offensive *contact* with the person of [any] plaintiff, or an immediate fear of

---

[4] Although Plaintiffs allege that Plaintiff Drew Rinehart suffered death as a result of Ms. Newton's failure to conduct bed checks, he is deceased, and he is not a proper party to this lawsuit as he is not represented by any living heir as is explained below.

[5] Plaintiffs' citations to the Complaint in support of this statement do not support the proposition for which they are cited: paragraph 54 recites allegations in the DRI report that abuse occurred at SWITC; paragraph 103 alleges that SWITC staff were overheard on recordings stating they needed to hit B.B. to make B.B. behave; paragraph 104 likewise alleges abuse; paragraph 117 alleges that possessions were improperly taken from Drew Rinehart and that SWITC staff prevented him from speaking with his family; paragraph 126 is a conclusory allegation that Michael McNamar was "physically and emotionally abused"; paragraph 131 alleges that Defendant Brisbane harmed Michael McNamar's stuffed animal; paragraph 143 alleges that SWITC staff would awake Michael McNamar by flipping his mattress; and paragraph 164 alleges psychological abuse by Defendant Miller against Nathan Benjamin. (*See* Dkt. 41 at 16.) None of the cited paragraphs allege that any Defendant ever communicated an intent to do harm to any SWITC client.

such contact" by allegedly falsifying logs or allegedly failing to intervene.  (*See* Idaho Civ. Jury Instruction 4.30.)

Plaintiffs point out in their briefing that the DRI report alleges that an unknown and unidentified staff member told a resident to shut up while raising his fist and that an unknown staff member told a resident "you get involved with staff, you're going to get hurt. That's how it ends." (*See* Dkt. 41 at 16 (citing Dkt. 7-1 at 8, 19-20).)  However, Plaintiffs have not alleged those facts against any particular Defendant in the Complaint, and those generalized facts are not even part of the factual allegations in the Complaint.  Therefore, no Defendant has fair notice of what the claim is or what they are alleged to have done.  *See In re Tevis*, No. ADV. 08-2004, 2011 WL 7145712, at *8 (B.A.P. 9th Cir. Dec. 9, 2011).  Because Plaintiffs failed to identify any Defendant who is liable to Plaintiffs for assault, Plaintiffs have failed to adequately plead a claim for assault against any Defendant.  Count XII should be dismissed.

3.  **Plaintiffs have not pled a cognizable claim for battery (Count XIII) as against any Defendant.**

As with their claims for assault, Plaintiffs fail entirely to allege any facts which give rise to a claim of battery as against any Defendant.  And, once again, Plaintiffs' citations to the Complaint do not establish the proposition for which they are cited as to Defendants Newton, King, Combs, and Luper.  (*See* Dkt. 41 at 17 (citing Dkt. 7 ¶¶ 100, 128-130, 132, 137-138, 146, 154, 156, 162-163, 169).)  They allege specific acts related only to Defendants Burkett, "Brisbane," and Miller.  (*See, e.g.*, Dkt. 7 ¶¶ 129-130, 132, 156, 163.)  Because Plaintiffs failed to identify facts sufficient to find Mr. King or Mses. Newton, Combs or Luper liable to Plaintiffs for battery, Plaintiffs have failed to adequately plead a claim for battery, and Count XIII should be dismissed.

**4.** **Plaintiffs have not pled a cognizable claim for intentional infliction of emotional distress (Count XV) as against any Defendant.**

The same goes for Plaintiffs' claim of intentional infliction of emotional distress. Though Plaintiffs allege that Michael McNamar suffered abuse by staff who physically touched and verbally taunted him (Dkt. 41 at 19), Plaintiffs fail to identify any specific Defendant here who allegedly committed such abuse or when or how such abuse was committed. Furthermore, Plaintiffs fail to address Defendants' contention that Plaintiffs are attempting a double recovery, as the generalized facts alleged in support of Plaintiffs' intentional infliction of emotional distress claim are identical to those pled in support of Plaintiffs' battery claims. Count XV should be dismissed.

**5.** **Plaintiffs lack a cognizable claim for misrepresentation (Count XVI) or negligent misrepresentation (Count XVII).**

Plaintiffs maintain that the mission statement of DHW can form the basis for a claim of misrepresentation against the individual Defendants, who are current or former employees of SWITC. (*See* Dkt. 41 at 20-21.) Yet, it is illogical to argue that all government employees would be liable to the "citizens of Idaho" as a result of misrepresentations in a State mission statement. Plaintiffs argue that this Court should deny Defendants' motion as to Plaintiffs' claims of misrepresentation in the interest of public policy. (Dkt. 41 at 21.) However, public policy considerations should not determine whether a plaintiff has a cognizable claim under the law, and Plaintiffs have failed to cite any case law in support of their argument. Public policy is better served in finding that a government employee *cannot* be held individually liable for a "mission statement" that his or her employer posts on a website.

Additionally, in their briefing, Plaintiffs simply ignore the requirement that they must plead facts sufficient to demonstrate: (1) Defendants' knowledge of the falsity of the mission

statement; (2) Defendants' intent that the mission statement be acted upon; (3) Plaintiffs' reliance on the truthfulness of the mission statement; and (4) proximate injury. *Humphries v. Becker*, 366 P.3d 1088, 1096 (Idaho 2016). Plaintiffs' failure to plead any such facts further demonstrates how the mission statement of a governmental agency could never form the basis of a misrepresentation cause of action against individual employees of that agency. Finally, Plaintiffs do not attempt to argue that they have adequately pled misrepresentation under Rule 9(b)'s more stringent pleading standard. Plaintiffs concede the point because they must. *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (citation omitted). Count XVI should be dismissed.

Moreover, unlike Minnesota, the jurisdiction of the complaint which Plaintiffs appear to have borrowed heavily from (*see* Am. Compl., *Jensen v. Minn. Dep't of Human Servs.*, No. 09-CV-1775 DWF/FLN, 2009 WL 8176741 (D. Minn.)), Idaho recognizes negligent misrepresentation only in the context of a "professional relationship involving an accountant."[6] *Duffin v. Idaho Crop Imp. Ass'n*, 895 P. 2d 1195, 1203 (Idaho 1995). In their responsive briefing, Plaintiffs appear to recognize this and do not attempt to argue that negligent misrepresentation is a legitimate claim. Count XVII should be dismissed.

### 6. Plaintiffs fail to maintain a claim for Consumer Fraud or Deceptive Practices under Count XVIII.

Plaintiffs fail to identify in their brief how they were consumers who (1) purchased or leased goods or services directly from Mr. King or Mses. Newton, Combs or Luper or (2) how they suffered an ascertainable loss of money or property, a fatal flaw. *See Haskin v. Glass*, 640 P.2d 1186, 1189 (Idaho Ct. App. 1982). And Plaintiffs have failed to point to any contract that

---

[6] Minnesota recognizes the tort of negligent misrepresentation where, among other things, a duty of care exists between the parties. *Williams v. Smith*, 820 N.W.2d 807, 816 (Minn. 2012).

they entered into with Mr. King or Mses. Newton, Combs or Luper, another fatal failure.  *See*

*Taylor v. McNichols*, 243 P. 3d 642, 662 (Idaho 2010) (citations omitted).

In their briefing, Plaintiffs attempt to argue that they have pled wrongdoing by

Defendants under the Idaho Consumer Protection Act ("ICPA") when they state that "the

individual defendants represented the treatment and care at SWITC was of a particular standard,

when in fact it was not, advertised services without the intent to provide such services or to

supply such services as expected, mislead Plaintiffs concerning the services, and that such

conduct was unconscionable." (Dkt. 41 at 23-24.)  But Plaintiffs' Complaint only identifies the

mission statement as the source of the misrepresented "particular standard."  (*See id.*; *and see*

Dkt. 7 ¶¶ 310-311.)  As explained above, the individual Defendants did not "represent" and did

not have the legal capacity to "represent" anything by way of the mission statement.  Plaintiffs

have not even pled any facts to suggest that Mr. King or Mses. Newton, Combs or Luper were

aware of the *existence* of the mission statement.  Count XVIII should be dismissed.

### 7.  <u>Plaintiffs improperly argue that Defendants' identification of the insufficiency of pleadings is an exploitation of SWITC clients' intellectual disabilities.</u>

Plaintiffs try to justify their insufficient pleadings by arguing that "Defendants are

effectively exploiting Plaintiffs [sic] disabilities."[7]  (Dkt. 41 at 16.)  But Plaintiffs are represented

by counsel who are ultimately responsible for crafting pleadings in compliance with the Federal

Rules of Civil Procedure.  The pleading requirements contained in the Federal Rules of Civil

Procedure exist for the benefit of the accused, who must be given fair notice of that to which he

is accused.  *Twombly*, 550 U.S. at 555; *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F.

Supp. 2d 1160, 1179 (E.D. Cal. 2013) (citation omitted).  The fact that Plaintiffs represent

---

[7] Defendants address this allegation specifically because of its disparaging nature and its ultimate legal irrelevance.

individuals with intellectual disabilities does not remedy or excuse a complaint's failure to comply with the requirements of Rule 8(a)(2).  *See, e.g., Hoskins v. CMS Med.*, No. 1:13-cv-00264-EJL, 2014 WL 4065654, at *10 (D. Idaho Aug. 15, 2014); *Fresno Unified Sch. Dist.*, 980 F. Supp. 2d at 1179.

**F.   The Individual Capacity Defendants have immunity under the Idaho Tort Claims Act.**

The Complaint is silent as to any allegation that Plaintiffs acted with a specific intent to commit the crime of battery, assault or misrepresentation, and Plaintiffs do not point out any part of the Complaint that suggests the Individual Capacity Defendants acted with the requisite intent.

While it is true, as Plaintiffs point out, that immunity is an affirmative defense, it is clear from the face of the Complaint that immunity provides a basis for dismissal.  *See Phi v. Khalsa*, 844 F. 3d 1152 (1158) (9th Cir. 2017) (citations omitted).  Plaintiffs argue that the Complaint alleges that there was "continuous and ongoing physical and mental abuse, neglect and mistreatment" that was unlawful.  (Dkt. 41 at 28.)  These vague and unspecific pleadings entitle Defendants to immunity on the face of the Complaint.

Plaintiffs do not demonstrate any act by Mr. King or Mses. Newton, Combs or Luper that constitutes "continuous and ongoing physical and mental abuse" nor do they identify the specific crime that they intended to commit by "continuous and ongoing physical and mental abuse." Ms. Newton's knowledge of other individuals falsifying log sheets could in no way constitute the *crimes* of assault, battery or misrepresentation.  (*See id.*)  And because Defendants are entitled to immunity under the Idaho Tort Claims Act ("ITCA") for battery, assault, and misrepresentation, Plaintiffs' allegations of intentional infliction of emotional distress also fail as a matter of law. *See James v. City of Boise*, 376 P. 3d 33, 51 (Idaho 2016).   As such, this Court should hold that Defendants are entitled to immunity for such claims.

**G.  Plaintiffs lack standing to assert a wrongful death claim (Count XIX).**

Plaintiffs argue that because Drew Rinehart's sister, Jamie Foruria, is the personal representative of his estate, she has standing to bring a wrongful death claim. (Dkt. 41 at 29-31.) This misapprehends the law.  Idaho Code § 5-311 only allows an heir or the *personal representative of an heir* to maintain an action for damages.  Ms. Foruria identifies herself in the Complaint as the "sister of Drew Rinehart, and the personal representative of Estates of Drew Rinehart, deceased."  (Dkt. 7 ¶ 17.)  Plaintiffs fail to identify Ms. Foruria as the representative of *any living heir*, and Defendants are not aware of any court filings assigning Ms. Foruria as a representative of any living heir.  This Court should dismiss Count XIX.

**H.  Plaintiff B.B.'s claims should be dismissed.**

Plaintiff B.B.'s mother and purported legal guardian, Erica Dreyer, fails to identify dates or the offending individuals who committed the alleged bad acts for any of the allegations of abuse that she claims occurred.  (Dkt. 7 ¶¶ 99-101, 103-104.)  It is insufficient for Ms. Dreyer to allege that "someone" at SWITC committed the acts she alleges.  She is required to plead sufficient facts to put parties on notice of the pending claims.  She has failed to do that, and indeed admits that she cannot do that.  B.B.'s claims should be dismissed.

DATED:  December 10, 2019.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

GJORDING FOUSER, PLLC

By /s/ *Cynthia Yee-Wallace*
    CYNTHIA YEE-WALLACE
    Deputy Attorney General

By /s/ *Trudy Fouser*
    TRUDY FOUSER, of the firm
    Special Deputy Attorney General

By /s/ *Megan A. Larrondo*
    MEGAN A. LARRONDO
    Deputy Attorney General

By /s/ *Emma Nowacki*
    EMMA NOWACKI, of the firm

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Charlene K. Quade
char@charquadelaw.com

Shamus P. O'Meara
spomeara@olwklaw.com

Sean R. Beck
sean@charquadelaw.com

Mark R. Azman
mrazman@olwklaw.com


  /s/ *Cynthia Yee-Wallace*
CYNTHIA YEE-WALLACE
Deputy Attorney General

DEFENDANTS' REPLY TO DKT. 41 - 16