LAWRENCE G. WASDEN
ATTORNEY GENERAL

Michael E. Kelly, ISB # 4351
Special Deputy Attorney General
Shannon M. Graham, ISB #10092
KELLY LAW, PLLC
137 E. 50th Street
Garden City, ID 83714
Telephone (208) 342-4300
Facsimile  (208) 342-4344
mek@kellylawidaho.com
smg@kellylawidaho.com
2800.042/Rep Supp MTD

Attorneys for Defendants Jason Miller and Leondre Edwards

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIKA DREYER, as parent and natural guardian of B.B., et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>IDAHO DEPARTMENT OF HEALTH AND WELFARE, an agency of the State of Idaho, et al.,<br><br>                Defendants. | Case No. 1:19-cv-00211- DCN<br><br>**DEFENDANTS JASON MILLER AND LEONDRE EDWARDS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS [Dkts. 37, 38]** |

Defendants Jason Miller and Leondre Edwards (collectively, the "Joining Defendants") respectfully submit this reply brief in support of their Motion to Dismiss[1] seeking the dismissal of Counts II – XIX pursuant to F.R.C.P. 12(b)(6).[2]

---

[1] The Joining Defendants joined in the Motion to Dismiss [Dkt. 37] of Defendants State of Idaho, Idaho Department of Health and Welfare – including the Southwest Idaho Treatment Center, Jamie Newton, Billy King, Debra Luper and Deborah Combs (collectively, the "Moving Defendants") and in the Moving Defendants' Memorandum in Support of Motion to Dismiss [Dkt. 37-1]. *See* Dkt. 38.

[2] Plaintiffs do not contest the dismissal of Count XVII: Negligent Misrepresentation.

DEFENDANTS JASON MILLER AND LEONDRE EDWARDS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS [Dkts. 37, 38] - 1

# I. REPLY

**A. Count II: The Idaho Constitution does not provide Plaintiffs with a private right of action against the Joining Defendants.**

This Court has consistently held that no cause of action for monetary damages exists for violations of the Idaho Constitution and the basis for those holdings has not changed. *See e.g.*, *Sommer v. Elmore Cnty.*, 903 F.Supp.2d 1067, 1074 (D. Idaho 2012) ("Other courts in this District have ruled that the 'Idaho Constitution does not provide for a private cause of action for monetary damages based on an alleged violation of person's civil liberties.' *Boren v. City of Nampa*, No. CIV 04-084-SMHW, 2006 U.S. Dist. LEXIS 58955, 2006 WL 2413840, *10-11 (D.Idaho Aug. 18, 2006) (citing *Katzberg v. Regents of the Univ. of California*, 29 Cal. 4th 300, 58 P.3d 339, 127 Cal.Rptr.2d 482 (2002); *Spurrell v. Block*, 40 Wn. App. 854, 701 P.2d 529, 535 (Wash.App.1985)). While acknowledging that the Supreme Court of Idaho 'has never specifically addressed this issue,' the federal district court in *Boren* was 'confident that [the Idaho Supreme Court] would not find a private cause of action.' *Id*. Accord, *Mott v. City of McCall*, CV-06-063-SMHW, 2007 U.S. Dist. LEXIS 35241, 2007 WL 1430764, *6 (D.Idaho May 14, 2007) ('there is no private cause of action for an Idaho constitutional law violation')"). In maintaining, as the District Court had before, that a private cause of action for monetary damages under the Idaho Constitution did not exist, the *Sommer* Court stated that "the reasoning and the conclusions of *Katzberg* and analogous cases from the District of Idaho were compelling authority to be followed." *Sommer*, 903 F.Supp.2d 1067, 1074-75. As recently as July 2017, this Court has held consistently on the issue. *See Hamell v. Idaho Cty*, 2017 U.S. Dist. LEXIS 104655 at *11 (D. Idaho July 5, 2017). Accordingly, the Joining Defendants respectfully request that Count II be dismissed to the extent Plaintiffs seek monetary damages.

**B. Counts III and IV: The ADA and Section 504 of the Rehabilitation Act do not provide Plaintiffs with a right of action against the Joining Defendants for monetary damages.**

Plaintiffs allege a violation of Title II of the Americans with Disabilities Act (hereinafter "ADA") and Section 504 of the Rehabilitation Act (hereinafter "RA") under Counts III and IV, respectively, against the Joining Defendants. Compl. [Dkt. 7] at 36-38, ¶¶197-210. A plaintiff cannot bring an action against a defendant in his individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Here, the Joining Defendants are sued in their individual capacities. Compl. [Dkt. 7] at 2 ¶¶ 31, 363. In their opposition memorandum, Plaintiffs contend – without analysis – their ADA and RA claims are viable against the Joining Defendants because when such claims "are asserted against individuals, [they] are treated as official capacity claims." Pls.' Mem. Opp. to MTD [Dkt. 41] at 9 (citing *Byerly v. Doe*, No. 1:19-CV-00230-BLW, 2019 WL 4667670, at *7 (D.Idaho Sept. 24, 2019); *Abbott v. Rosenthal*, 2 F. Supp. 3d 1139, 1144 (D. Idaho 2014)). Plaintiffs' contention is without merit as they misapply the statements of this Court. Plaintiffs' support their assertion by relying on one proposition in *Byerly* and *Abbott*: "Claims against individuals asserted under the ADA are treated as official capacity claims because no individual capacity claims under the statute exist." *Byerly*, WL 4667670 at *16; *Abbott*, 2 F. Supp. 3d at 1144. In support of that presumption, the courts in *Byerly* and *Abbott* cite *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001), which provides:

> Although individual defendants may not be sued in their individual capacities under Title II of the ADA, they may be sued in their official capacities because suing an individual in his official capacity is treated the same as suing the entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 166, 87 L. Ed. 2d 114, 105 S. Ct. 3099 (1985); *see also, e.g.*, *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) ("As a rule there is no personal liability under Title II . . . ."); *Thomas v. Nakatani*, 128 F. Supp. 2d 684 (D. Hawai'i 2000) (no individual capacity suit under Title II); *Campos v. San*

*Francisco State Univ.*, 1998 U.S. Dist. LEXIS 22615, 1999 WL 1201809 (N.D. Cal. 1999) (dismissing individual capacity Title II claims)[.]

In *Becker* and *Abbott*, it appears plaintiffs sued the defendants against whom they brought ADA and RA claims in their individual *and* official capacities. *Becker*, 170 F. Supp. 2d at 1066-1067; *Abbott*, 2 F. Supp. 3d at 1144. As such, when assessing the plaintiffs' ADA and RA claims under a Motion to Dismiss, the courts simply dismissed, with prejudice, the claims as brought against the defendants in their individual capacities and noted that the claims alleged against the defendants in their official capacities remained. *Id*. *Byerly* is instructive in nature and does not demonstrate the application of the proposition cited by Plaintiffs. *Byerly*, WL 4667670 at *1,16.

Accordingly, the mere act of bringing an ADA or RA claim does not change the capacity in which one is sued for that claim. Rather, the proposition, as applied, means that an ADA or RA claim is only valid when brought against a defendant in his or her official capacity. Plaintiffs only sued the Joining Defendants in their individual capacities. It defies logic and fairness in pleading standards to allow Plaintiffs to attempt to impose personal liability against the Joining Defendants under the guise of pleading an action against a governmental entity.

It is also of note that *Becker*, *Byerly*, and *Abbott* involve complaints filed by pro se plaintiffs facing motions to dismiss or in forma pauperis screenings and the court in *Becker* properly recognized that a "pro se plaintiff's pleadings are held to less stringent standards than formal pleadings drafted by lawyers." *Becker*, 170 F. Supp. 2d at 106 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980)). Here, Plaintiffs are not proceeding pro se and are not entitled to less stringent review or the expectation that a claim will be adjudicated against a defendant in a capacity that is different than the one in which he or she was sued. Thus, Counts III and IV should be dismissed against the Joining Defendants.

### C. Count V: The Idaho Human Rights Act does not provide Plaintiffs with a right of action against the Joining Defendants.

The Idaho Human Rights Act (hereinafter "IHRA") does not authorize claims against the Joining Defendants in their individual capacities. Plaintiffs allege the Joining Defendants discriminated against Plaintiffs on the basis of disability in violation of the IHRA. Compl. [Dkt. 7] at 38-39 ¶ 213. Specifically, Plaintiffs allege that the Joining Defendants are subject to civil liability via Idaho Code § 67-5909(6) which provides a cause of action against persons who "own[], lease[] or operate[] a place of public accommodation" because the Joining Defendants participated in the operation of SWITC. Pls.' Mem. Opp. to MTD [Dkt. 41] at 10. This argument is without merit.

Although the Moving Defendants demonstrated in their supporting memorandum that the term "operates" in Idaho Code § 67-5909(6) denotes control over a public accommodation, the term is without definition in the statute. Should this Court find that the language is indeed ambiguous, canons of statutory interpretation are instructive in determining its meaning.[3] In Idaho a "word is known by the company it keeps…Applying this method of construction, only those commonly understood meanings, which are consistent with the context given, are to be considered in determining the meaning of a term undefined by statute." *State v. Hammersley,* 134 Idaho 816, 821, 10 P.3d 1285, 1290 (2000) *overruled on other grounds by State v. Poe*, 139 Idaho 885, 88 P.3d 704 (2004) (citations omitted). Here a person that "owns" or "leases" a place of public accommodation is commonly understood to control the goods, services, facilities, and privileges of that place. It follows that the term "operates" also denotes control and it is not alleged that the Joining Defendants controlled the services, facilities, and privileges at SWTIC.

Interpreting the term operate to denote control also finds support in the IHRA's legislative purpose. The general purpose of the IHRA is to, *inter alia*, "provide for execution

---

[3] When construing a state statute, a federal court's role is to interpret the law as would the state supreme court. *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 925 (9th Cir. 2004).

within the state of the policies embodied in… [Title] III of the Americans with Disabilities Act." I.C. § 67-5901(1). Title III of the ADA contains language nearly identical to Idaho Code § 69-5909(6) and also does not define the term "operates." It prohibits discrimination "by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To operate" in the context of 42 USCS § 12182(a) means "to put or keep in operation," "to control or direct functioning of," or "to conduct affairs of; manage" and the relevant standard is whether individual had power to facilitate any necessary accommodation. *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 849 (9th Cir. 2004). Accordingly, Count V should be dismissed.

Count V is also not viable because Plaintiffs failed to file a complaint with the Commission on Human Rights, a condition precedent to bringing a claim in court under the IHRA. I.C. § 67-5908(2); *Bryant v. City of Blackfoot*, 137 Idaho 307, 48 P.3d 636, 642 (Idaho 2002). Plaintiffs have provided no authority which demonstrates that administrative exhaustion "exceptions" apply to IHRA. Additionally, Plaintiffs' arguments related to their inability to comply with the IHRA and the biases of the Commission are unpersuasive and without merit.

**D. Counts VI, VII, VIII, and IX: Tort law and agency regulations cannot be enforced through § 1983.**

Under Counts VI – IX, Plaintiffs allege negligence per se under § 1983 against the Joining Defendants using various state and federal regulations. Compl. [Dkt. 7] at 39-43, ¶¶ 215-247. The allegations lack legal plausibility as they cannot be enforced through a § 1983 action. In order to allege a § 1983 action, the threshold showing a plaintiff must make is that ***Congress*** intended to create a federal right. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 941-43 (9th Cir. 2003). Regulations do not confer rights – they are merely an ***agency's*** interpretation of a statute and an attempt to effectuate Congressional intent. *Id*. at 941-944.

Plaintiffs contend Counts VI-IX are viable because the regulations cited stem from the Medicaid Act. Pls.' Mem. Opp. to MTD [Dkt. 41] at 26. Assuming arguendo, the Medicaid Act confers the rights Plaintiffs imply they seek to enforce, Plaintiffs simply did not make such an allegation in their Amended Complaint. Thus, the claims are not actionable as a matter of law and should be dismissed.

### E. Counts X, XI: Plaintiffs' negligence per se claims are not adequately pled.

Under Counts X and XI, Plaintiffs allege negligence per se against the Joining Defendants for allegedly failing to report abuse or neglect of a minor or vulnerable adult in conformance with Idaho Codes §§ 16-1605 and 39-5303. However, Plaintiffs' Amended Complaint is silent as to any instances in which the Joining Defendants failed to report abuse or neglect of a minor or vulnerable adult about which they knew or should have known. Rather, Plaintiffs' employ circular logic to assert that the Joining Defendants are "implicated" under Counts X and XI because "none of the defendants reported the abuse and neglect occurring at SWITC." Pls.' Mem. Opp. to MTD [Dkt. 41] at 14. Such a conclusory allegation does not put the Joining Defendants on notice of the abuse about which they allegedly knew or should have known and how such inaction damaged Plaintiffs. Thus, Plaintiffs do not provide the Joining Defendants with fair notice of the grounds upon which their claims rest. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Counts X, XI should be dismissed against the Joining Defendants.

### F. Count XVI: Plaintiffs did not plead their misrepresentation claim with specificity.

Plaintiffs allege that the Joining Defendants failed to disclose inaccuracies in the SWITC's mission statement under Count XVI and such failure constitutes misrepresentation. Compl. [Dkt. 7] at 48-49, ¶¶ 286-296. As previously established by the Moving Defendants, in Idaho, misrepresentation constitutes fraud. *Samuel v. Hepworth, Nungester & Lezamiz*, 134

Idaho 84, 89, 996 P.2d 303, 308 (2000). Thus, in order to set forth a claim for misrepresentation in federal court, one must adhere to the specificity requirements of F.R.C.P. 9(b). To satisfy this standard, plaintiffs must offer the "who, what, when, where, and how" in support their fraud allegations. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Under Idaho law, there are nine elements which must be established to state a cause of action for fraud: (1) a statement or representation of fact; (2) its falsity; (3) its materiality; (4) speaker's knowledge of its falsity; (5) speaker's intent that representation will be acted upon in a reasonably contemplated manner; (6) listener's ignorance of its falsity; (7) listener's reliance on truth of representation; (8) listener's right to rely on truth of representation; and (9) listener's consequent and proximate injury. *Hayes v. Kingston*, 140 Idaho 551, 555, 96 P.3d 652 (2004).

At a minimum, Plaintiffs do not demonstrate in their amended complaint, nor in their responsive briefing, that the Joining Defendants spoke or drafted SWTIC's mission statement, whether they knew the alleged falsity of the mission statement – much less that they were even aware of the mission statement, and to whom they allegedly communicated the mission statement. Without such information, it is impossible to satisfy the pleading requirements of F.R.C.P. 9(b). Thus, Plaintiffs failed to plead the requisite allegations necessary to bring a claim for misrepresentation or fraud and Count XVI should be dismissed against the Joining Defendants.

### G. Count XVIII: Plaintiffs fail to allege any conduct that would render the Joining Defendants subject to liability under the Idaho Consumer Protection Act.

Under Count XVIII, Plaintiffs allege that the Joining Defendants failed to disclose inaccuracies in the SWITC's mission statement, constituting a violation under the Idaho Consumer Protection Act (hereinafter, the "ICPA"). Compl. [Dkt. 7] at 51, ¶¶ 307-317. "In order to have standing under the [ICPA], I.C. § 48-601, et seq., the aggrieved party must have

been in a contractual relationship with the party alleged to have acted unfairly or deceptively." *Taylor v. McNichols*, 149 Idaho 826, 846, 243 P.3d 642, 662 (2010). Simply, Plaintiffs failed to plead that a contractual relationship exists or existed between any Plaintiff and/or either Joining Defendant. Further, Plaintiffs fail to identify any affirmative act that would subject the Joining Defendants to liability under the ICPA in their amended complaint. *See* section "F.", *supra*. Thus, Count XVIII should be dismissed against the Joining Defendants.

**H. Counts XII, XIII, XV, and XVI should be dismissed because the Joining Defendants are entitled to immunity on such claims.**

The Joining Defendants are entitled to immunity on Plaintiffs' claims for assault – Count XII ( Compl. [Dkt. 7] at 45, ¶¶ 262-267); battery – Count XIII (*id*. at 45-46, ¶¶ 268-272); intentional infliction of emotional distress – Count XV (*id*. at 47-48; ¶¶ 279-285); misrepresentation – Count XVI (*id*. at 48-49, ¶¶ 286-296). Here, it is clear on the face of the complaint that immunity provides a basis for dismissal. *See Puri v. Khalsa*, 844 F. 3d 1152 (1158) (9th Cir. 2017).

As previously asserted, a governmental entity and its employees acting within the course and scope of their employment are not liable for any claim which arises out of assault, battery or misrepresentation if they were acting without malice or criminal intent. I.C. § 6-904. Specifically, Plaintiffs identify the Joining Defendants as governmental employees ( Compl. [Dkt. 7] at 2; ¶¶ 31, 36), but fail to allege that they were acting outside the course and scope of their employment, or that they acted with criminal intent or malice. Under the ITCA, malice means "the intentional commission of a wrongful or unlawful act, without legal justification or excuse and with ***ill will***…" *Miller v. Idaho State Patrol*, 150 Idaho 856, 870, 252 P.3d 1274, 1288 (2011) (emphasis added). It is not enough to allege that an individual employee acted with

malice by committing wrongful or unlawful actions or omissions without justification as argued by Plaintiffs, Pls.' Mem. Opp. MTD [Dkt. 41] at 28, but the specific mens rea of the employee must also be alleged. *Miller*, 150 Idaho at 870, 252 P.3d at 1288. Plaintiffs failed to meet this requirement in their amended complaint.

Additionally, Plaintiffs' claim for intentional infliction of emotional distress must be dismissed to the extent that it is based upon alleged acts of battery, assault and misrepresentation or acts or omissions involving discretion as such acts are exempted from government liability. I.C. § 6-904; *James v. City of Boise*, 160 Idaho 466, 484, 376 P.3d 33, 51 (2016) (A "tort claim need only 'arise out of' the type of conduct listed in Idaho Code section 6-904 [to be exempted], which means it must originate or stem from such conduct. Immunity under the statute is not abrogated by changing the legal theory upon which a claim for recovery is sought."). Counts XII, XIII, XV, and XVI should be dismissed against the Joining Defendants.

## II. CONCLUSION

Based on the foregoing, the Joining Defendants respectfully request that this Court grant the Joining Defendants' Motion to Dismiss.

DATED this 10th day of December, 2019.

                                                     KELLY LAW, PLLC

                                                     By: /s./Michael E. Kelly
                                                          Michael E. Kelly, Of the Firm
                                                          Attorneys for Defendants Jason
                                                          Miller and Leondre Edwards

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on December 10th, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Charlene K. Quade<br>char@charquadelaw.com | Shamus P. O'Meara<br>spomeara@olwklaw.com |
| Sean R. Beck<br>sean@charquadelaw.com | Mark R. Azman<br>mrazman@olwklaw.com |
| Cynthia Yee-Wallace<br>cynthia.wallace@ag.idaho.gov | Trudy Hanson Fouser<br>tfouser@gfidaho.com |
| Megan A. Larrondo<br>megan.larrondo@ag.idaho.gov | Emma C. Nowacki<br>enowacki@gfidaho.co |

                                          /s/ *Tracy Siltman*
                                          Tracy Siltman