UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Erika Dreyer, as parent and natural guardian of B.B.; Jamie Foruria, as personal representative of the Estate of Drew Anthony Rinehart, deceased; Penney Pease, as parent and guardian of Nickolas Pease; William Benjamin, as parent and guardian of Nathan Benjamin; Wendy Mastroeni, as guardian of Michael McNamar; and Shelby Bloom and Wendy Gilnet, as parents and next friends of Colby Bloom,<br><br>Plaintiffs,<br><br>v.<br><br>Idaho Department of Health and Welfare, an agency of the State of Idaho; Director, Southwest Idaho Treatment Center, a program of the Idaho Department of Health, and Welfare, an agency of the State of Idaho; Jamie Newton, individually and as Director of the Southwest Idaho Treatment Center, a program of the Idaho Department of Health and Welfare, an agency of the State of Idaho; the State of Idaho; Corbin Burkett, individually; Jason Miller, individually; Billy King, individually; Luke Gushwa, individually; Debra Luper, individually; Deborah Combs, individually; Leondre Edwards, individually; Brandon McGee, individually; Paul Tompkins, individually; Roger Ardmont, individually; and Jolene Berg, individually,<br><br>Defendants. | Case No. 1:19-cv-00211-DCN<br><br>**STIPULATED SETTLEMENT AND RELEASE AGREEMENT** |

This Stipulated Settlement and Release Agreement ("Agreement") is entered into

by and between Plaintiffs/Releasors Erika Dreyer, as parent and natural guardian of B.B.;

1

Jamie Foruria, as personal representative of the Estate of Drew Anthony Rinehart, deceased; Penney Pease, as parent and guardian of Nickolas Pease; William Benjamin, as parent and guardian of Nathan Benjamin; Wendy Mastroeni (Properly know as Wendy Pelletier), as guardian of Michael McNamar; and Shelby Bloom and Wendy Gilnet (properly known as Wendy Guilmette), as parents and next friends of Colby Bloom, (collectively, "Plaintiffs"), and Defendants Idaho Department of Health and Welfare, an agency of the State of Idaho; Director, Southwest Idaho Treatment Center, a program of the Idaho Department of Health, and Welfare, an agency of the State of Idaho; Jamie Newton, individually and as Director of the Southwest Idaho Treatment Center, a program of the Idaho Department of Health and Welfare, an agency of the State of Idaho; the State of Idaho; Corbin Burkett, individually; Jason Miller, individually; Billy King, individually; Luke Gushwa, individually; Debra Luper, individually; Deborah Combs, individually; Leondre Edwards, individually; Brandon McGee, individually; Paul Tompkins, individually; Roger Ardmont (properly knowns as Roger Arment) individually; and Jolene Berg, individually, (collectively, "Defendants"). Plaintiffs and Defendants may be collectively referenced as "Parties," or singular as "Party" in this Agreement.

### RECITALS

1. Plaintiffs commenced the above-entitled matter on or about June 12, 2019 ("Action").

2. At all times material, the State of Idaho owned and operated the Southwest Idaho Treatment Center ("SWITC").

3. B.B., Drew Rinehart, Nickolas Pease, Michael McNamar, Colby Bloom, and Nathan Benjamin were residents of SWITC at all times material. Erika Dreyer, Jamie Foruria, Penny Pease, William Benjamin, Wendy Wastroeni, Shelby Bloom, Wendy Gilent were parents, guardians and/or next of kin of the residents of SWITC named in the Second Amended Complaint.

4. The Second Amended Complaint ("Exhibit A") alleges claims against Defendants which are the subject of this Agreement ("Settled Claims").

5. Defendants deny any liability to Plaintiffs for the Settled Claims.

6. To resolve the Action in its entirety in a mutually agreeable manner, it is the intent and desire of the Parties to enter into this Agreement, contingent upon approval by the Court.

7. Plaintiffs' counsel have considered the benefits of the settlement and the risks of litigation and have concluded it is in the best interest of Plaintiffs to enter into this Agreement. Plaintiffs believe the Agreement is fair, reasonable and adequate with respect to the interests of Plaintiffs, and that the Agreement should be approved by the Court.

**NOW THEREFORE**, in consideration of the above Recitals and the respective covenants, promises, agreements and releases contained herein, which the Parties agree constitute good and valuable consideration, and pursuant to the Parties' joint request that this Court approve the Agreement, it is hereby STIPULATED AND AGREED as follows:

## I. INCORPRATION OF RECITALS

A.     Each and every Recital set forth above is incorporated herein by this reference as if set forth in their entirety.

## II. JURISDICTION AND VENUE

A.     The Court has federal question jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and related law, and has original jurisdiction over this Action pursuant to 28 U.S.C. § 1343(a)(3). Plaintiffs commenced the Action pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and related federal laws to recover damages, including the costs of the Action suit and reasonable attorney's fees, claimed by Plaintiffs resulting from Defendants' alleged violations of federal law, and for injunctive relief.

B.     The Court has supplemental jurisdiction over the claims in the Action that arise under state law pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

C.     Venue in the District of Idaho is appropriate pursuant to 28 U.S.C. § 1391, as the conduct alleged in the Action occurred in this District.

## III. SETTLEMENT AMOUNT

A.     As a compromise settlement of this lawsuit, and in exchange for the releases and covenants described in this Agreement, within thirty (30) days of the Court's approval of the Agreement and disposition of any Center for Medicare & Medicaid Services (CMS) conditional payment, compromise, waiver, redetermination, appeal, or other authorized

disposition, if any, Defendants will pay Plaintiffs the lump sum of One Million Two-Hundred Thousand and No/100 Dollars ($1,200,000), which shall be inclusive of all attorneys' fees, costs, and disbursements in full settlement of all Settled Claims ("Settlement Amount"). Defendants shall issue the Settlement Amount to the Trust Account of O'Meara Leer Wagner & Kohl, P.A. Trust Account by State Warrant upon Court approval of the Agreement.

B. Plaintiffs' counsel shall deduct their attorneys' fees and costs from the Settlement Amount in accordance with Plaintiffs' fee agreements with Plaintiffs' counsel. Thereafter, Plaintiffs' counsel shall apportion equal amounts from the net settlement proceeds to each Plaintiff upon confirming that an appropriate legal arrangement is in place for the Plaintiffs' receipt of the settlement proceeds to help ensure their ability to receive governmental benefits for which they may qualify.

C. Solely to the extent necessary to help maintain Plaintiffs' eligibility for governmental benefits for which they may qualify, including but not limited to Social Security benefits, the net amount apportioned to Plaintiffs from the Settlement Amount shall be considered a "blocked account" or "conservatorship account" consistent with applicable Social Security regulations, applicable Social Security Administration guidance, the decision of *Navarro by Navarro v. Sullivan*, 751 F.Supp. 349 (E.D.N.Y. 1990), and other applicable law, including this Court's broad equitable powers to render complete justice.

D. Plaintiffs agree to satisfy out of the settlement proceeds any and all unsatisfied or subrogated interests, claims, liens, or judgments of any party or entity, and

to indemnify and hold Defendants harmless for any such subrogated claims, liens, or judgments, including without limitation any conditional payer obligations they may have to CMS for the Settled Claims. Plaintiffs retain all rights and defenses to such obligations including waiver, compromise, redetermination, and appeal. Defendants and their agents, representatives, insurers and counsel are relieved from all obligations, liens, claims, demands, damages, actions, and rights of action of whatever kind or nature, now existing or which may hereafter arise out of, in consequence of, or relating to 42 U.S.C. § 1395y(b) of the Social Security Act, Medicare Secondary Payer, and corresponding federal regulations, 42 C.F.R. 411.20, *et seq.*, or any obligation of any kind to establish or fund a Medicare Set-Aside or similar arrangement for the Settled Claims.

Plaintiffs shall be solely responsible for complying with all requirements established by CMS regarding future medical allocations and/or set-asides from the settlement proceeds of this Agreement, if any. The Parties have attempted to resolve this Action in compliance with both state and federal law and it is believed that the terms of this Agreement adequately consider Medicare and Medicaid interests. The Parties acknowledge and understand that any present or future action or decision by CMS, or on Plaintiffs' eligibility or entitlement to Medicare or Medicaid payments, will not render this Agreement void or ineffective, or in any way affect the finality of this Agreement.

### IV. NON-MONETARY SETTLEMENT CONDITIONS

A. As non-monetary consideration to the Settlement Agreement, the state entity Defendants agree not to retaliate against Plaintiffs in filing the Action, and to comply with all federal and state laws.

  B. The state entity Defendants and also agree to perform the following up to and through 2024.

   a. The Southwest Idaho Treatment Center (hereinafter "SWITC") will invite Disability Rights Idaho (hereinafter "DRI) to quarterly meetings.

   b. SWITC will make available to DRI all SWITC records.

   c. SWITC will receive and consider DRI's recommendations.

   d. SWITC will allow DRI unlimited access to SWITC campus.

   e. SWITC will provide a copy of its next survey results to Plaintiffs/Releasors through their counsel, and, if applicable, SWITC's corresponding plan of corrections.

   f. SWITC will allow DRI full access to all SWITC investigation reports.

## V. RELEASE OF SETTLED CLAIMS

  A. In consideration of the terms and conditions of this Agreement, including but not limited to the Settlement Amount and Non-Monetary Settlement Conditions, the sufficiency of which is hereby acknowledged, upon this Court's approval of the Agreement, and payment of the Settlement Amount, Plaintiffs hereby fully and forever release Defendants from the Settled Claims.

## VI. DISMISSAL OF THE ACTION WITH PREJUDICE

  A. Within fourteen (14) days after monetary payment of the Settlement Amount pursuant to this Agreement, the Parties, through their respective counsel, shall execute and file with the Court a Stipulation for Dismissal and proposed Order for Dismissal of the Action with Prejudice, with each Party to bear their own attorney fees and costs.

## VII. REPRESENTATIONS AND WARRANTIES

The Parties represent and warrant as follows:

A. The Parties have each received independent legal advice from their respective attorneys of their choosing concerning the execution of this Agreement, and prior to the execution of this Agreement, each Party carefully read the Agreement, and signed freely and voluntarily, and without inducement, threat or promise.

B. This Agreement is the result of negotiations between the Parties, each of whom has participated in the negotiating and drafting of this Agreement through their respective attorneys. The language of this Agreement shall not be presumptively construed in favor of or against any of the Parties.

C. Each party to this Agreement has duly authorized the execution and performance of this Agreement by all appropriate and necessary action. Plaintiffs have not sold, assigned, transferred, or otherwise conveyed the claims, obligations, or causes of action referred to in this Agreement.

D. Each Party to this Agreement agrees that such Party will not take any action which would interfere with the performance of this Agreement by any other Party to this Agreement or that would adversely affect any of the rights provided for in this Agreement.

## VIII. SEVERABILITY

A. If any of the provisions in this Agreement are ruled to be unenforceable by a court of competent jurisdiction, the remaining portions shall remain in full force and effect, and shall be construed as if not containing the unenforceable provision, and the rights and obligations of the Parties shall be construed and enforced accordingly.

## IX. GOVERNING LAW

A.  This Agreement shall be construed and enforced in accordance with applicable federal and Idaho laws.

## X. INTEGRATION

A.  This Agreement constitutes a single, integrated, written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by the Parties, except as specifically set forth herein.  All prior discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. The terms of this Agreement are contractual and not merely a recital.

## XI. SUCCESSORS

A.  This Agreement shall be binding and enforceable upon the successors and assigns of the Parties, and all of their legal representatives, agents, insurers, successors, estates, heirs, spouses, guardians, assigns, and all other persons or entities acting for, by, or through them.

## XII. EXECUTION IN COUNTERPARTS

A.  This Agreement may be executed and delivered in two (2) or more counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts shall together constitute but one and the same instrument and agreement.

## XIII. NO ADMISSIONS

A.  By signing this Agreement, Defendants in no way admit fault or liability of any kind to Plaintiffs. Nothing in this Agreement shall be construed as an

acknowledgement, admission or evidence of liability of Defendants, and nothing in this Agreement may be used as evidence of liability in any administrative, civil or criminal proceeding.

### IX. MODIFICATION

A.      This Agreement may only be modified with the written consent of the Parties, such consent not to be unreasonably withheld.

### X. EFFECTIVE DATE

A.      This Agreement shall become effective upon final approval by the Court.

**IN WITNESS WHEREOF**, the Parties hereby stipulate and consent to the terms and conditions of this Agreement and Court approval of this Agreement, and have each approved and executed this Agreement on the dates set forth opposite their respective signatures.

**DEFENDANTS**

Dated: February 27, 2023

_____
Miren Unswoth, Deputy Director
Idaho Department of Health and Welfare

On Behalf of State Of Idaho, Idaho Department of Health and Welfare, Southwest Idaho Treatment Center and all individually named Defendants

**BRANDON BUCHANAN**

Dated: May 4, 2023

By: Erika Dryer, Parent and Natural Guardian *(signed)*

**DREW RINEHART, DECEASED**

Dated: _____, 2023

By: Jamie Foruria, Personal Representative

**NICKOLAS PEASE**

Dated: _____, 2023

By: Penney Pease, Parent and Guardian

**NATHAN BENJAMIN**

Dated: _____, 2023

By: William Benjamin, Parent and Guardian

**MICHAEL MCNAMAR**

Dated: _____, 2023

By: Wendy Mastroeni, Guardian

**COLBY BLOOM**

Dated: _____, 2023

By: Shelby Bloom, Parent and Next Friend

Dated: _____, 2023

By: Wendy Gilnet, Parent and Next Friend

**BRANDON BUCHANAN**

Dated: _____, 2023

By: Erika Dryer, Parent and Natural Guardian

**DREW RINEHART, DECEASED**

Dated: 2/20, 2023

By: Jamie Foruria, Personal Representative

**NICKOLAS PEASE**

Dated: _____, 2023

By: Penney Pease, Parent and Guardian

**NATHAN BENJAMIN**

Dated: _____, 2023

By: William Benjamin, Parent and Guardian

**MICHAEL MCNAMAR**

Dated: _____, 2023

By: Wendy Mastroeni, Guardian

**COLBY BLOOM**

Dated: _____, 2023

By: Shelby Bloom, Parent and Next Friend

Dated: _____, 2023

By: Wendy Gilnet, Parent and Next Friend

**BRANDON BUCHANAN**

Dated: _____, 2023      _____
                                      By: Erika Dryer, Parent and Natural Guardian

**DREW RINEHART, DECEASED**

Dated: _____, 2023      _____
                                      By: Jamie Foruria, Personal Representative

**NICKOLAS PEASE**

Dated: *Feb. 24*, 2023                /s/ Penney Pease
                                      By: Penney Pease, Parent and Guardian

**NATHAN BENJAMIN**

Dated: _____, 2023      _____
                                      By: William Benjamin, Parent and Guardian

**MICHAEL MCNAMAR**

Dated: _____, 2023      _____
                                      By: Wendy Mastroeni, Guardian

**COLBY BLOOM**

Dated: _____, 2023      _____
                                      By: Shelby Bloom, Parent and Next Friend

Dated: _____, 2023      _____
                                      By: Wendy Gilnet, Parent and Next Friend

                                                     **BRANDON BUCHANAN**

Dated: _____, 2023      _____

                                                       By: Erika Dryer, Parent and Natural Guardian

                                                 **DREW RINEHART, DECEASED**

Dated: _____, 2023      _____

                                                 By: Jamie Foruria, Personal Representative

                                               **NICKOLAS PEASE**

Dated: _____, 2023      _____

                                                 By: Penney Pease, Parent and Guardian

                                               **NATHAN BENJAMIN**

Dated: February 17th, 2023      */s/ William Benjamin*_____

                                                 By: William Benjamin, Parent and Guardian

                                               **MICHAEL MCNAMAR**

Dated: _____, 2023      _____

                                                 By: Wendy Mastroeni, Guardian

                                               **COLBY BLOOM**

Dated: _____, 2023      _____

                                               By: Shelby Bloom, Parent and Next Friend

Dated: _____, 2023      _____

                                               By: Wendy Gilnet, Parent and Next Friend

**BRANDON BUCHANAN**

Dated: _____, 2023    _____

By: Erika Dryer, Parent and Natural Guardian

**DREW RINEHART, DECEASED**

Dated: _____, 2023    _____

By: Jamie Foruria, Personal Representative

**NICKOLAS PEASE**

Dated: _____, 2023    _____

By: Penney Pease, Parent and Guardian

**NATHAN BENJAMIN**

Dated: _____, 2023    _____

By: William Benjamin, Parent and Guardian

**MICHAEL MCNAMAR**

Dated: 2/18/2023, 2023    */s/ Wendy K Mast*

By: Wendy Mastroeni, Guardian

**COLBY BLOOM**

Dated: _____, 2023    _____

By: Shelby Bloom, Parent and Next Friend

Dated: _____, 2023    _____

By: Wendy Gilnet, Parent and Next Friend

**BRANDON BUCHANAN**

Dated: _____, 2023

_____
By: Erika Dryer, Parent and Natural Guardian

**DREW RINEHART, DECEASED**

Dated: _____, 2023

_____
By: Jamie Foruria, Personal Representative

**NICKOLAS PEASE**

Dated: _____, 2023

_____
By: Penney Pease, Parent and Guardian

**NATHAN BENJAMIN**

Dated: _____, 2023

_____
By: William Benjamin, Parent and Guardian

**MICHAEL MCNAMAR**

Dated: _____, 2023

_____
By: Wendy Mastroeni, Guardian

**COLBY BLOOM**

Dated: _____, 2023

_____
By: Shelby Bloom, Parent and Next Friend

Dated: March 8, 2023

_Wendy Guilmette_
By: Wendy Gilnet, Parent and Next Friend

11